# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) ) | Civil Action Number **2:16-cv-01042-AKK** |
| **STANLEY SMALL AND ROBERT A. BOYD,** | ) ) ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Auto-Owners Insurance Company ("Auto-Owners") filed this action against Stanley Small and Robert Boyd, asking the court for a judgment declaring that it has no duty to defend or indemnify Small "in the underlying lawsuit designated as *Robert A. Boyd vs. Theodore Mason, et al*; 2:14-cv-02290-HGD."  Doc. 1 at 11 (emphasis omitted).  The court has for consideration Auto-Owners' motion for summary judgment, doc. 14, which is fully briefed, docs. 14-1; 17; 18; 19; 21, and ripe for review.  Upon consideration, the court concludes that the motion is due to be granted, and a declaratory judgment entered in Auto-Owners' favor.

## I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "Rule 56(c) mandates the

entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)

(alteration in original).  The moving party bears the initial burden of proving the

absence of a genuine dispute of material fact. *Id.* at 323.  The burden then shifts to

the non-moving party, who is required to go "beyond the pleadings" to establish

that there is a "genuine issue for trial." *Id.* at 324 (internal citations and quotation

marks omitted).  A dispute about a material fact is "genuine" if "the evidence is

such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must construe the evidence and all reasonable inferences arising

from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress

& Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 244 (all

justifiable inferences must be drawn in the non-moving party's favor).  Any factual

dispute will be resolved in the non-moving party's favor when sufficient competent

evidence supports that party's version of the disputed facts.  B*ut see Pace v.

Capobianco*, 238 F.3d 1275, 1276–78 (11th Cir. 2002) (a court is not required to

resolve disputes in the non-moving party's favor when that party's version of

events is supported by insufficient evidence).  However, "mere conclusions and

unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that a jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II.   FACTUAL BACKGROUND

Robert Boyd filed a lawsuit against Stanley Small, alleging that he "is the victim of a fraudulent investment scam(s)" perpetrated by Small and other defendants, who "enticed Boyd to invest in an alleged foreign trading platform." Doc. 14-4 at 3.[1]   For the period at issue, Auto-Owners insured Small under a homeowner's insurance policy with a personal liability limit of $500,000.  *See generally* doc. 14-3.   Although Boyd served the summons and complaint on October 25, 2014, *see* doc. 14-20 at 2, Small failed to alert Auto-Owners of the lawsuit until August 18, 2015, *see* doc. 14-17 at 2.  Small claims he provided late notice because his wife suffered a stroke, followed by "124 days of

---

[1] Boyd's complaint alleges claims of racketeering in violation of 18 U.S.C. §§ 1961(4), (5), (9) and 1962(b) (Count I); participation in a RICO Enterprise through racketeering in violation of 18 U.S.C. §§ 1961(5), 1962(c) (Count II); conspiracy to engage in racketeering (Count III); breach of implied covenant of good faith and fair dealing (Count IV); fraudulent misrepresentation (Count V); negligent/wanton misrepresentation/omission (Count VI); innocent misrepresentation (Count VII); breach of contract/fraud (Count VIII); breach of fiduciary duty (Count IX); and civil conspiracy (Count X).  *See* doc. 14-4 at 9–19.

hospitalization," and that his wife required "full time care on a 24 hour-a-day basis" until her death on June 16, 2015. *See* doc. 17-2 at 3–4. Auto-Owners currently represents Small under a reservation of rights. *See* doc. 14-9 at 2.

## III.   ANALYSIS

Auto-Owners contends that it is entitled to summary judgment because (1) Small failed to alert Auto-Owners of the underlying lawsuit "as soon as possible" pursuant to the policy, and/or because (2) the policy does not cover the types of alleged damages for which Boyd seeks recovery in the underlying suit. The court addresses these arguments below.

### A. Small had a valid reason for failing to notify Auto-Owners of the underlying lawsuit within a reasonable time.

The policy at issue required Small to notify Auto-Owners "as soon as possible" of the need for personal liability protection in the event of "bodily injury, property damage, or personal injury." Doc. 14-3 at 39. The Alabama Supreme Court has interpreted similar notice provisions as requiring an insured to notify the insurance company "within a reasonable time in view of the facts and circumstances of the case." *Pharr v. Cont'l Cas. Co.*, 429 So. 2d 1018, 1019 (Ala. 1983). Here, the parties agree that Small informed Auto-Owners of Boyd's lawsuit approximately ten months after receiving notice of the suit. *See* doc. 17 at 19. Auto-Owners therefore contends that "Mr. Small did not satisfy a condition

4

precedent to coverage," and that it "has no duty to continue providing defense coverage and no duty to indemnify Mr. Small under the Policy."  Doc. 14-1 at 17.

To support its contention, Auto-Owners cites *Pharr v. Continental Casualty Co.*, 429 So. 2d 1018, 1019–20 (Ala. 1983) (eight-month delay unreasonable as a matter of law), and *Southern Guaranty Insurance Co. v. Thomas*, 334 So. 2d 879, 883 (Ala. 1976) (six-month delay unreasonable as a matter of law).  Doc. 14-1 at 17.  These authorities are distinguishable, however, because, in *Pharr*, the insured provided no "excuse for the delay," 429 So. 2d at 1019, and, in *Thomas*, the insured claimed that he thought the policy did not provide coverage and/or that he was not liable for the underlying accident, 334 So. 2d at 883–84.  Accepting the non-movant's factual allegations as true, as this court must do, Small delayed providing notice to Auto-Owners because of his wife's stroke and his resulting responsibility to provide constant care for her until her death.  Therefore, because the reasonableness of a delay is often a factual issue, *see, e.g.*, *Dill v. Colonial Ins. Co.*, 569 So. 2d 385, 386 (Ala. 1990) (twenty-two months); *State Farm Fire & Casualty Co. v. Hartford Accident & Indem. Co.*, 347 So. 2d 389, 391–92 (Ala. 1977) (six months); *Hackleburg Church of Christ v. Great Am. Ins. Cos.*, 675 So. 2d 1309, 1311 (Ala. Civ. App. 1995) (seven years), the court will not grant summary judgment on this basis.

**B. The policy does not protect Small against Boyd's alleged damages.**

Auto-Owners contends that Boyd suffered no injury for which Small would be protected from personal liability under the plan or, alternatively, that Boyd's alleged injuries arose from business-related conduct described in one of the policy exclusions.  The court examines these arguments separately below.

      1. <u>Auto-Owners' Contention that Boyd Suffered no "Bodily Injury" or "Property Damage"</u>

Based on the policy language stating that the policy covers "damages because of or arising out of bodily injury or property damage," doc. 14-3 at 32, Auto-Owners first contends that, because Boyd's "monetary damages do not meet the requirement of bodily injury and/or [property damage] as outlined in the policy," it is "entitled to a declaration that it is under no duty to provide defense or indemnity coverage to [Small] as a matter of law."  Doc. 14-1 at 18–19.  *See also* doc. 14-3 at 15 (defining "bodily injury" as "physical injury, sickness or disease sustained by a person including resulting death of that person"); *id.* at 16 (defining "property damage" as "damage to or destruction of tangible property including resulting loss of use of that property").  Auto-Owners is correct that Boyd is seeking damages for mental anguish and emotional distress, *see* doc. 19 at 5–6, and that the policy does not explicitly address mental anguish or emotional distress. *See* doc. 14-3 at 15.  Still, "[i]n construing the language of insurance contracts governed by Alabama law, tribunals have characterized mental anguish as 'bodily

injury.'"  *American Economy Ins. Co. v. Fort Deposit Bank*, 890 F. Supp. 1011, 1018 (M.D. Ala. 1995).  For example, in *Morrison Assurance Company v. North American Insurance Corporation*, this court, applying Alabama law, found that the terms "sickness" or "disease" necessarily encompassed mental anguish even though the policy did not specifically include that term.  588 F. Supp. 1324, 1327 (N.D. Ala. 1984).  Therefore, for this opinion, the court will assume that Boyd's alleged mental anguish and emotional distress constitute "bodily injury."

      2.  <u>Auto-Owners' Contention that Boyd's Alleged Damages Resulted from Business Activities for which the Policy Does Not Provide Personal Liability Coverage</u>

As its final basis for contending that it is due summary judgment, Auto-Owners cites "Exclusion 2.(a.)(11)" of the policy, which precludes personal liability coverage for "bodily injury . . . because of or arising out of a business owned or financially controlled by an insured or by a partnership or joint venture of which an insured is a partner or member."  Doc. 14-1 at 19 (citing doc. 14-3 at 34) (emphasis omitted).  Auto-Owners contends that the underlying investment venture that is the basis for Boyd's lawsuit against Small constituted a "business," "partnership," or "joint venture."  *Id.* at 18–24.  The court agrees.

In his lawsuit, Boyd alleges that Small persuaded him to invest in an "international trading platform" that "would require a front-end investment" but would "produce significantly more money."  Doc. 14-5 at 3.  After Boyd made an

initial investment, Small asked Boyd, and Boyd agreed, to make further investments.  *See id.* at 4–6.  Boyd alleges that, despite Small's assurances that Boyd's investments were safe, Small and the other defendants "have not paid one dollar back to Boyd."  *Id.* at 8.

To get around the commercial nature of the dispute, Small contends that, because the policy defines "business" as "any full or part time trade, profession or occupation," but does not define the terms "trade," "profession," or "occupation," these terms are purportedly "ambiguous" and must be construed in favor of coverage.  Doc. 17 at 27–30.  In other words, Small asks this court to find that his investment activities did not constitute a trade, profession, or occupation and, consequently, that Small's allegedly tortious conduct does not fit within the "business exclusion" of the policy.   While Small is correct that courts must construe insurance contracts against the insurer "that writes the policy" and in favor of coverage, *see Brown Mach. Works & Supply Co. v. Insurance Co. of N. Am.*, 659 So. 2d 51, 60 (Ala. 1995), courts must also "give [an] undefined word or phrase the same meaning that a person of ordinary intelligence would give it," *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 692 (Ala. 2001).  *See also id.* ("An undefined word or phrase in an insurance policy does not create an inherent ambiguity."); *id.* ("[A]mbiguities are not to be inserted by strained or twisted reasoning.").   In that respect, even if the court finds that a person of

ordinary intelligence would not characterize Small's investment ventures as a "trade," "profession," or "occupation," the other two terms — "partnership" or "joint venture" in the exclusion, which Small fails to address, doom Small's contention and warrant a finding in favor of Auto-Owners.  A cursory review of Boyd's complaint shows that Boyd repeatedly characterizes the parties' undertaking in terms that a person of ordinary intelligence would understand as a failed partnership or joint venture.[2]  *St. Paul Fire & Marine Ins. Co. v. Edge Memorial Hosp.*, 584 So. 2d 1316, 1322 (Ala. 1991) (language in an insurance policy should be given the same meaning that an ordinary person, not a lawyer, would reasonably ascribe to the language).  For example, Boyd alleges that Boyd, Small, and others joined together to invest money presumably in an effort to generate a profit.  *See generally* doc. 14-5.  In light of these allegations, the court is not persuaded by Small's contention that his "outside investments" do not equate to a "business for purposes of Auto-Owners' business exclusion," doc. 17 at 30.

---

[2] *See, e.g.*, doc. 14-5 at 5 ("When Boyd eventually asked Defendant Mason about the financials of the 406, LLC, Mason eventually told him that each individual partner would be considered a separate investor in the trading platforms, and that the LLC was not being utilized."); *id.* at 5–6 ("Small said that Miller needed $50,000 to complete an Iron Ore deal in Mexico.  Small and Mason told Boyd that, if Boyd loaned $50,000 to Miller, then Boyd would be repaid $75,000 within 45 days for this loan.  In reliance on the repeated assurances and representations, Boyd agreed to loan the additional $50,000 to Miller.").

## IV.   CONCLUSION

Based on Boyd's allegations in the underlying complaint, the court finds that Boyd's alleged injuries arose out of a "business," "partnership," or "joint venture" of which Small was an owner, partner, or member, and that the policy does not insure Small against the type of damages Boyd alleges.   Accordingly, Auto-Owner's motion for summary judgment, doc. 14, is due to be granted.   The court will enter a separate order contemporaneously with this Memorandum Opinion.

**DONE** the 13th day of March, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE